

# NUMBER 13-22-00221-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

**CITY OF EDINBURG,**          **Appellant,**

**v.**

**PERMAPAC INC.**          **Appellee.**

**On appeal from the 206th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

This matter is before the Court on appellant's motion for extension of time to file a notice of appeal. We now dismiss the matter for want of jurisdiction. On April 19, 2022, the trial court signed an interlocutory order overruling the City of Edinburg's plea to the jurisdiction. Appellant filed a notice of appeal with the trial court on May 11, 2022. On May 24, 2022, the Clerk of this Court notified appellant that it appeared that the appeal was

not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.

An appeal taken from an interlocutory order in such a case shall be accelerated. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(8). To perfect an accelerated appeal, the party is required to file a notice of appeal "within 20 days after the judgment or order is signed." *Id.* at R. 26.1(b). The filing of a motion for new trial, request for findings of fact and conclusions of law, or any other post-judgment motion, except for a motion for extension of time filed under Texas Rule of Appellate Procedure 26.3, "will not extend the time to perfect an accelerated appeal." *Id.* at R. 26.3, 28.1(b).

Appellant filed a motion for extension of time to file a notice of appeal; however, it was filed more than fifteen days after the deadline for filing the notice of appeal and was untimely. TEX. R. APP. P. 26.3. We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.—Amarillo 2002, no pet.).

Appellant's notice of appeal was untimely, and appellant's motion for extension of time to file the notice of appeal was untimely; therefore, we lack jurisdiction

2

over the appeal. Accordingly, we deny appellant's motion and dismiss appellant's entire cause for lack of jurisdiction.

NORA L. LONGORIA<br>
Justice

Delivered and filed on the
23rd day of June, 2022.